IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES JOHN, #27831-034, PETITIONER, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:24-CV-957-N-BK |
| DR. S. GRANT, WARDEN, RESPONDENT. | § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Robert Charles John's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the petition should be **DISMISSED WITH PREJUDICE** as moot.

On April 18, 2024, John, a federal prisoner at FCI Seagoville, filed a petition for writ of habeas corpus seeking 211 or 221 days of jail-time credit for the period that he had spent in the custody of Rapides and Jefferson Parishes, Louisiana. Doc. 3 at 6 (requesting 211 days of credit from June 14, 2018, to January 10, 2019); Doc. 4 at 2 (seeking 221 days of credit from June 14, 2018, to January 20, 2019).

Respondent requests that the petition be dismissed as moot. Doc. 15 at 1. Respondent asserts that the Bureau of Prisons recalculated John's sentence recently and granted him 221 days of jail-time credit from June 14, 2018, through January 18, 2019. Doc. 15 at 3. John has not filed a reply.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit."). Mootness can also arise when a dispute has been resolved. *See Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

The habeas record shows that John has received all jail-time credit due him for the time he spent in the custody of Rapides and Jefferson Parishes from June 14, 2018 through January 18, 2019. The BOP has recalculated his sentence accordingly. *See* John's BOP *Inmate Data Sheet,* Doc. 16 at 53 (summarizing prior custody credits that John has now received toward his federal sentence); *see also* Doc. 16 at 2 (same).

Further, if John requests credit for January 19 and 20, 2019, he was not in custody on those days. The record confirms he was released on bond from Jefferson Parish on January 18, 2019. *See* Doc. 16 at 38, 40 (noting John was transferred from Rapides to Jefferson Parish on January 16, 2019, and released on bond from the latter on January 18, 2019); Doc. 16 at 4. John is thus ineligible for credit on January 19 and 20, 2019.

In sum, John has received all the relief that he seeks in this petition. Therefore, his request for jail-time credit is moot. *See Sannon v. United States*, 631 F.2d 1247, 1250-51 (5th Cir. 1980) (when an administrative decision gives a petitioner what he sought, the case becomes moot); *O'Neal v. United States*, 399 F.2d 635, 636 (5th Cir. 1968)(per curiam) (dismissing

appeal as moot when the appellant had been administratively awarded the jail credits he sought);

*Hamann v. Smith*, No. 4:23-CV-098-P, 2023 WL 5939368, at *2 (N.D. Tex. Aug. 7, 2023)

(Pittman, J.) (dismissing § 2241 petition as moot because the BOP had awarded Petitioner all time credits sought).

Accordingly, John's habeas corpus petition under 28 U.S.C. § 2241 should be **DISMISSED WITH PREJUDICE** as moot.

**SO RECOMMENDED** on October 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).